# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1651 | **DATE** | 5/24/2001 |
| **CASE TITLE** | ANTHONT HERNANDEZ vs. OFFICER LARA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Gerardo Lara's motion to quash service and motion to dismiss the complaint are denied. Status hearing held.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 2 5 2001 | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 MAY 24 PM 5:42 | |
| LG | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY HERNANDEZ,  )
                    )
    Plaintiff,      )
                    )   No. 00 C 1651
    v.              )
                    )
OFFICER LARA, COOK COUNTY DEPARTMENT )   Judge John W. Darrah
OF CORRECTIONS SHERIFF, OFFICER LAPE, )
COOK COUNTY DEPARTMENT OF           )
CORRECTIONS SHERIFF IN THEIR INDIVIDUAL )
AND OFFICIAL CAPACITIES,            )
                    )
    Defendants.     )

DOCKETED
MAY 25 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced an action, *pro se*, against defendants, Officer Gerardo Lara and Officer Lape, seeking damages for injuries he allegedly sustained on December 3, 1998, while in the custody of the Cook County Department of Corrections (Cook County). Gerardo Lara seeks to quash service and dismissal of the action for improper service.

On March 21, 2000, plaintiff filed a *pro se* complaint against defendants. On April 21, 2000, summons was issued as to defendants "Officer Lara" and "Officer Lape" to the U.S. Marshal. The complaint and summons were directed to "Officer Lara" at the Cook County Jail (Jail) located in Chicago, Illinois. On May 22, 2000, a return of service was filed as to Officer Lara. On May 23, 2000, Salvatore Comparetto, an administrative assistant with the Jail, took receipt of the complaint and summons. At that time, Officer Lara was no longer working at the Jail.

On June 5, 2000, Peter Zaper (Zaper), an Assistant State's Attorney, filed an appearance on

behalf of Officer Lara and Officer Lape. Zaper's initial representation of Officer Lara was based on his receipt of a signed "legal representation form" that was forwarded to him from Cook County. The form identified and was signed by "Juan Lara". On July 25, 2000, Zaper withdrew as Officer Lara's counsel due to a conflict of interest. That same day, Zaper sent a letter to Gerardo Lara informing him that the State's Attorney's Office declined representation and advised him to seek private legal counsel. This was the first time Gerardo Lara received notice of the pending law suit.

On November 27, 2000, counsel for Gerardo Lara filed an appearance with the court. On February 15, 2001, Gerardo Lara filed the present motion to dismiss. To date, Gerardo Lara has not been formally served.

In an affidavit, plaintiff avers that he directed the complaint and summons to Officer Lara at the Jail because that was the last known address he had for him. Plaintiff made several attempts to obtain Officer Lara's home address but was informed that he could not receive that information. In addition, a representative of the Internal Affairs Department told plaintiff to send any legal documents and/or complaints to "them", and they would see that Officer Lara received the paperwork.

Federal Rule of Civil Procedure 4(m) states that "[i]f service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Where good cause is shown, the court must extend the time for service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (*Panaras*). If good cause is not shown, the court, in its discretion, may either dismiss the action without prejudice or direct service be effected within a

2

specified time. *Panaras*, 94 F.3d at 340. In addition, a defendant waives the defense of improper service if he makes an appearance in the case without reserving an objection. Fed. R. Civ. Proc. 12(h); *Central Laborers' Pension Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644, (7th Cir. 1999).

The facts of the instant case establish that plaintiff has shown good cause for failing to properly serve Gerardo Lara. While there is no precise test for establishing good cause, a plaintiff must at least show "reasonable diligence" in attempting service. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993).

Here, plaintiff identified the defendant as "Officer Lara" because that was the information he knew. Plaintiff attempted to learn more information but was denied access to the Jail reports that would have identified Officer Lara as Gerardo Lara. He also made several attempts to obtain defendant's home address but was unable to do so. Furthermore, he was informed to send the complaint to the Jail, and they would see that it got forwarded. The complaint and summons was received and accepted; however, due to another officer with the same last name, innocent errors occurred that were of no fault of the plaintiff. Based on these facts, plaintiff has shown reasonable diligence in attempting service.

Having shown good cause for his failure to properly serve defendant, the Court must extend time for service. *Panaras*, 94 F.3d at 340. However, defendant has filed an appearance with the Court and the record does not reflect, nor does defendant argue, that he reserved an objection. Therefore,

defendant has waived objection to improper service, and an extension of time to serve defendant is not required.

Accordingly, Gerardo Lara's Motion to Quash Service and Motion to Dismiss the Complaint are denied.

Dated: 5/24/01

JOHN W. DARRAH
United States District Judge

4